UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RODNEY D. KIMBROUGH, JR. #433800,**

    **Petitioner,**

v.                                    **Case No. 2:05-CV-74268**
                                          **Honorable Nancy G. Edmunds**
                                          **Magistrate Judge Wallace Capel**

**HUGH WOLFENBARGER,**

    **Respondent**.

___

**OPINION & ORDER GRANTING
RESPONDENT'S MOTION TO DISMISS**

**I. Introduction**

This matter is before the Court on Respondent's Motion to Dismiss Petitioner's application for habeas relief. Petitioner, Rodney D. Kimbrough, Jr., is presently confined at the Macomb Correctional Facility in New Haven, Michigan. He filed a *pro se* request for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. On November 5, 2002, in Wayne County Circuit Court, Petitioner was convicted of: (1) two counts of first degree criminal sexual conduct in violation of MCL §750.520b(1)(a); and (2) one count of second degree criminal sexual conduct in violation of MCL §750.520c(1)(a). Petitioner was sentenced to nine to twenty years for each first degree criminal sexual conviction and five to fifteen years for the second degree criminal sexual conduct conviction.

Respondent asserts that Petitioner has filed a "mixed" petition due to his failure to present one of the habeas issues presently before this Court to the Michigan Supreme Court when he filed his delayed application with that state court. Accordingly, it is Respondent's position that Petitioner has failed to comply with the total exhaustion of state remedies requirement, thereby necessitating

the denial of Petitioner's request for habeas relief. Petitioner contends that the issue Respondent claims is unexhausted was presented to the Michigan Supreme Court, but was a sub-issue under another argument. Therefore, even though the issue did not have a separate heading in Petitioner's delayed application, it was discussed nonetheless, which satisfies Petitioner's requirement to fairly present all issues raised in the state courts prior to raising them in a habeas petition.

For the reasons stated below, the Court finds that Petitioner's habeas petition must be dismissed without prejudice because it contains a claim which has not been properly exhausted with the Michigan Supreme Court.

## II. Discussion

### A. Exhaustion of State Remedies Standard

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir.1994). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.1993). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on petitioner's claims." *Rust v. Dent*, 17 F.3d at 160. A petitioner must present each ground to both appellate courts. *Welch v. Burke*, 49 F.Supp.2d 992, 998 (E.D.Mich.1999); see also *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir.1990).

Federal courts will not review a habeas corpus petition when a state prisoner has not first presented his or her claims to the state courts and exhausted all state court remedies available to him or to her. *Rogers v. Howes*, 144 F.3d 990, 992 (6th Cir.1998). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. See *Foster v. Withrow*, 159 F.Supp.2d 629, 638 (E.D.Mich.2001). The burden is on the petitioner to prove exhaustion. *Rust v. Dent*, 17 F.3d at 160. Therefore, generally, a federal district court must dismiss a "mixed" petition for a writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

As stated in *Anderson v. Harless*, 459 U.S. 4 (1982), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. at 6. A Michigan prisoner is required to raise each issue he seeks to present in the federal habeas proceeding before the Michigan Court of Appeals and the Michigan Supreme Court. *Hafley v. Sowders*, 902 F.2d at 483; *Grant v. Rivers*, 920 F.Supp. 769, 779 (E.D.Mich.1996).

### B. Application of the Law & Analysis

In this case, Petitioner asserts a violation of his due process rights claiming that the prosecutor engaged in misconduct during trial by presenting evidence to the jury during closing argument that was not part of the trial record. Specifically, the evidence was a letter written by a witness and sent to the prosecutor's office. Petitioner contends that the prosecutor's actions resulted

3

in a deprivation of his due process rights. Although Petitioner did not object to the prosecutor's conduct at trial, he raised this issue, among others, to the Michigan Court of Appeals in his appeal of right. The Michigan Court of Appeals did not find that the prosecutor's actions rose to the level of prosecutorial misconduct; and Petitioner's conviction was affirmed. *People of the State of Michigan v. Kimbrough,* 2004 WL 1620808 Mich. Ct. App. No. 246812 (per curiam) (July 20, 2004).

Petitioner then filed a delayed application for leave to appeal with the Michigan Supreme Court. Respondent argues that this prosecutorial misconduct issue was not raised in Petitioner's delayed application and is therefore an unexhausted claim, requiring the dismissal of the habeas petition presently before the Court. Petitioner maintains that the prosecutorial misconduct issue is discussed in his delayed application for leave to appeal as a hybrid argument in the ineffective assistance of appellate counsel analysis. Petitioner claims that he argued in his brief filed with the Michigan Supreme Court that one of the reasons his appellate counsel was ineffective was due to the appellate attorney's failure to raise the issue of ineffective assistance of trial counsel on appeal by arguing in part that the trial attorney failed to object to the above alleged prosecutorial misconduct during trial. Petitioner claims that this ineffective assistance of counsel discussion was sufficient to fairly present the prosecutorial misconduct issue.

The Court has reviewed Petitioner's delayed application for leave to appeal which was filed with the Michigan Supreme Court on September 10, 2004 and subsequently denied. *People of the State of Michigan v. Kimbrough* 472 Mich. 868, 692 N.W.2d 842 (Table) Mich. Sup. Ct. No. 126987 (February 28, 2005). Petitioner did raise the issue of ineffective assistance of appellate counsel before the Michigan Supreme Court. Petitioner further argued that the basis for the claim

was appellate counsel's failure to raise the issue of ineffective assistance of trial counsel during the direct appeal process. However, failure by trial counsel to object to the alleged prosecutorial misconduct during trial and the details surrounding Petitioner's assertion regarding what substantiated his claim of prosecutorial misconduct, was not one of the factual grounds alleged to support an ineffective assistance of appellate counsel claim in Petitioner's delayed application filed with the Michigan Supreme Court.

Petitioner itemized the alleged errors of trial counsel in his delayed application in an effort to substantiate an ineffective assistance of trial counsel claim which appellate counsel arguably should have brought to the attention of the Michigan Court of Appeals: (1) trial counsel failed to request the victim's birth certificate in order to verify her age due to the statutory rape charge; (2) trial counsel failed to obtain specific information regarding the dates of the offenses since the testimony relative to this information allegedly contained a great deal of inconsistencies; (3) trial counsel failed to contest hearsay evidence; (4) trial counsel failed to object to the sentencing guideline range; and (5) trial counsel failed to argue at trial that Petitioner's due process rights were violated during his arraignment and preliminary examination.

There was no discussion before the Michigan Supreme Court about Petitioner's due process rights being violated as a result of the alleged prosecutorial misconduct at issue under Petitioner's ineffective assistance of appellate counsel claim or anywhere else in his delayed application for leave to appeal to the Michigan Supreme Court. Accordingly, the Court finds that Petitioner has not exhausted the claim that his due process rights have been violated as a result of prosecutorial misconduct at trial.

Petitioner can still avoid the dismissal of his petition if the Court determines that this matter should be stayed pending the exhaustion of the prosecutorial misconduct claim. The Supreme Court has approved a "stay-and-abeyance" procedure where a petition is "mixed," but the U.S. Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Court recognized that the "stay-and-abeyance" procedure addresses the problem presented when a petitioner files a timely but mixed petition in federal district court and the district court dismisses it under the rule requiring total exhaustion after the limitations period expires. Because the filing of a petition for habeas corpus in federal court does not toll the statute of limitations under 28 U.S.C. § 2244(d)(2), any subsequently filed habeas petition would be untimely. Recognizing the "gravity of this problem," the Supreme Court held that a federal court may stay a petition in federal court to allow the petitioner to present unexhausted claims in the state court and then return to federal court for review of his petition, provided that the petitioner has "good cause" for his failure to present the claims in state court and that the unexhausted claims are not "plainly meritless." *Id.*

In this case, Petitioner fails to assert cause for his failure to present the prosecutorial misconduct claim in state court, but rather argues that the claim was presented in state court, but as a hybrid argument. As previously discussed, the Court disagrees with Petitioner's assessment of the presentment of the prosecutorial misconduct claim in the Michigan Supreme Court. Thus, following the dictates of *Rhines*, the Court finds that the habeas petition may not be stayed and shall be dismissed without prejudice.

While the "stay-and-abeyance" procedure may not be applied to Petitioner's case because he fails to satisfy the *Rhines* test, the Court may nevertheless provide safeguards so as not to

"jeopardize the timeliness of a collateral attack." See *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir.2002), quoting *Zarvela v.. Artuz*, 254 F.3d 374, 380 (2d Cir.2001). The Court shall adopt the safeguards approved by the Sixth Circuit in *Hargrove v. Brigano*, 300 F.3d 717, 719-21 (6th Cir.2002). Therefore, the Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, November 7, 2005, until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner pursuing his state remedies within **sixty days** of this Court's Order and returning to federal court within **sixty days** of exhausting his state remedies. See *Hargrove v. Brigano*, 300 F.3d at 718, 721.

### III. Conclusion

Petitioner has failed to present his prosecutorial misconduct claim to the Michigan Supreme Court and has failed to demonstrate to the Court that he had cause to make such an omission.

Accordingly,

IT IS HEREBY ORDERED that Respondents Motion to Dismiss **[Doc. #5-1, filed May 12, 2006]** is **GRANTED.**

IT IS FURTHER ORDERED that Petitioners "Application for Writ of Habeas Corpus" **[Doc. #1-1, filed November 7, 2005]** is **DENIED** and this matter is **DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from November 7, 2005, until the time Petitioner returns to federal court to pursue habeas relief, provided that: (i) Petitioner presents his unexhausted claim(s) to the state court within **sixty days** from the date of this Order and (ii) Petitioner returns to this Court to pursue habeas corpus relief within **sixty days** of exhausting state court remedies.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 19, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 19, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager